NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 10 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LORENA OCAMPO-GOMEZ; EMILY JULIET DELGADO-OCAMPO; JAQUELINE DELGADO-OCAMPO; PERLA JAZMIN DELGADO-OCAMPO, <br><br> Petitioners, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 24-2989 <br><br> Agency Nos. <br> A246-597-919 <br> A246-597-916 <br> A246-597-917 <br> A246-597-918 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 6, 2025[**]
Seattle, Washington

Before: HAWKINS, GOULD, and BUMATAY, Circuit Judges.

Lorena Ocampo-Gomez ("Ocampo-Gomez"), and her minor daughters

(together "Petitioners"), natives and citizens of Mexico, seek review of the Board of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Immigration Appeals' ("BIA") affirmance of an Immigration Judge's ("IJ") decision denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").

We have jurisdiction under 8 U.S.C. § 1252(a)(1) and deny the petition for review. "[O]ur review 'is limited to the BIA's decision, except to the extent that the IJ's opinion is expressly adopted.'" *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010) (quoting *Hosseini v. Gonzales*, 471 F.3d 953, 957 (9th Cir. 2006)). "In reviewing the decision of the BIA, we consider only the grounds relied upon by that agency." *Andia v. Ashcroft*, 359 F.3d 1181, 1184 (9th Cir. 2004) (per curiam).

Substantial evidence supports the agency's determination that Petitioners failed to establish any nexus between their alleged persecution and a protected ground. *See* 8 U.S.C. §§ 1158(b)(1)(B)(i), 1231(b)(3)(A). Ocampo-Gomez admitted that she and her family were threatened by the gangs because they "thought that [the family] had money." Threats and mistreatment, when based solely on a desire for financial gain, bear no nexus to a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010). Failure to establish a nexus is dispositive of Petitioners' claims for both asylum and withholding of removal. *See Riera-Riera v. Lynch*, 841 F.3d 1077, 1081 (9th Cir. 2016).

Having determined that substantial evidence supports the agency's nexus determination, we decline to consider Petitioners' remaining arguments whether: (1)

their alleged harms rise to the level of past persecution, or (2) they are unable to safely relocate to Mexico. *See INS v. Bagamasbad*, 429 U.S. 24, 25–26 (1976) (per curiam).

As to Petitioners' CAT claim, the record does not compel the conclusion that it is "more likely than not" that they will be tortured if removed to Mexico. *See Nuru v. Gonzales*, 404 F.3d 1207, 1216 (9th Cir. 2005) (citation omitted). Petitioners have failed to demonstrate past torture, have numerous family members safely residing in Mexico, and have provided no evidence that the gangs are still interested in targeting them. *See Park v. Garland*, 72 F.4th 965, 980 (9th Cir. 2023). Moreover, the generalized country conditions evidence Petitioners cite to are "insufficient to meet [the CAT] standard." *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (per curiam). Substantial evidence thus supports the agency's conclusion that any fear of future harm is speculative.

**PETITION DENIED.**